IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01658-MSK
Criminal Action No. 03-cr-00082

GOLDA TORRES-HARVEY,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

---

### OPINION AND ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255

---

    **THIS MATTER** comes before the Court pursuant to the Petitioner's Motion to Vacate **(#119)** her sentence imposed by this Court on July 12, 2004.

    On April 19, 2004, the Petitioner plead guilty **(# 88)** to a single count of mail fraud in violation of 18 U.S.C. § 1341.  On July 12, 2004, this Court sentenced her to 60 months of imprisonment.  At the outset of that sentencing, the Court noted that the parties' plea agreement provided that "The government agreed to . . . recommend that the sentence imposed in the instant case be ordered to run concurrently with the defendant's pending Denver court case, No. 03-CR-4895."[1]  During the colloquy regarding the sentence, neither the parties nor the Court specifically addressed this recommendation or the appropriateness of a pre-emptive declaration of a concurrent sentence.  At the conclusion of the sentencing, the Court stated "Then I will announce

---

[1]At the time of sentencing in this matter, the Denver court case had not been concluded.

1

the sentence that I intend to impose here.  Of course counsel will have the opportunity to make

any further legal argument should they choose to do so."  After reciting the various terms of the

intended sentence, the Court stated "The government has recommended that the term of

imprisonment imposed by this judgment run concurrently with any sentence imposed in Denver

district court case No. 03-CR-4895.  I decline the request because no sentence [in the state court]

has yet been imposed."  The Court then inquired of counsel whether there was any additional

argument to be made, and counsel for both parties declined.

Nevertheless, on July 19, 2004, the Petitioner filed a timely motion (# 95) seeking

modification of the sentence to include a declaration that this Court's sentence would run

concurrently to any sentence later imposed by the state court.  On August 5, 2004, this Court

issued a comprehensive opinion (# 98) denying that motion.  In summary, the Court found: (i)

that the law was unsettled as to whether it had the authority to declare that its sentence would run

concurrently with an anticipated-but-as-yet-unimposed state sentence; (ii) that, as a matter of first

impression in this Circuit, the Court found that it had no such authority; and (iii) that even if the

Court did have such authority, it would decline to declare that its sentence should run

concurrently to the future state sentence for several reasons.[2]  The Court noted in a footnote that,

at sentencing, the Petitioner's counsel had not objected to the refusal to declare concurrent

sentences, but the Court did not premise any of its findings on that failure to timely object.

---

[2]Among the Court's reasons were the fact that the charges in the state court had yet to
even be adjudicated, making it impossible for this Court to make a reasoned examination of the
scope and purpose of the future state court sentence for purposes of determining the
appropriateness of a declaration of concurrency; the fact that the later-sentencing court was in a
far better position to consider the manner in which the two sentences should run; and the fact that
declaring that this Court's sentence would run concurrently with a state court sentence would
interfere somewhat with the state's incentive to prosecute the Petitioner.

The Petitioner appealed the sentence to the 10th Circuit, ultimately raising a single issue on appeal: that this Court applied the Sentencing Guidelines in a mandatory, rather than advisory, fashion in violation of *U.S. v. Booker*, 125 S.Ct 738 (2005). The Petitioner's brief did not address the issue of whether the sentence should have been deemed to run concurrently to the future state sentence. After receiving the Government's response, which stated that the sentence imposed by the Court was that stipulated by the parties under Fed. R. Crim. P. 11(C)(1)(C), the Petitioner's counsel filed an *Anders* motion, seeking to withdraw. On May 23, 2005, the 10th Circuit granted the Petitioner's counsel's motion to withdraw, and dismissed the case. While the appeal was pending the Petitioner was sentenced in the state court, and, presumably, the state court denied any request that its sentence run concurrently to that already imposed by this Court.

The Petitioner timely filed the instant Petition pursuant to 28 U.S.C. § 2255 on August 21, 2006. She raises what appear to be two separate claims: (i) that "trial counsel was ineffective for not having preserved the objection that the sentence imposed was consecutive"; and (ii) that "appellate counsel was ineffective for not having raised the issue on direct appeal." Beyond the quoted text, the Petition offers no additional argument on either issue.

28 U.S.C. § 2255 implicitly provides that the Court can deny a petition <u>sua sponte</u> if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A petitioner asserting a claim of ineffective assistance of counsel must show: (i) that counsel's performance fell below an objective standard of reasonableness given prevailing professional norms; and (ii) that the such deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *U.S. v. Smith*, 10 F.3d 724, 728 (10th Cir. 1993). As to the first prong, counsel are strongly presumed to have acted within the "wide range

of reasonable professional assistance," and the Petitioner bears the burden of showing that her counsel's conduct was objectively unreasonable under the totality of the circumstances.  *Id*. at 689.  As to the second prong, the Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Id.* at 694.

The Petitioner's argument that she is entitled to relief because her trial counsel failed to object to the Court's refusal to deem its sentence concurrent to a future sentence is frivolous. Even assuming that such failure was unreasonable under the first prong of *Strickland* – a finding this Court does not necessarily make – the Petitioner does not, and cannot, contend that that failure was prejudicial.  When the Petitioner moved to modify the sentence, specifically addressing the issue of concurrent sentencing, the Court considered and addressed the <u>merits</u> of the Petitioner's arguments in detail.  Other than noting it for the record, the Court did <u>not</u> base its decision in any respect on any failure by counsel to preserve the issue at sentencing.  The Court's written opinion unambiguously shows that the Court would have declined to declare its sentence concurrent even if the Petitioner's counsel had presented the same arguments during the sentencing itself.  Accordingly, the Petitioner's Petition alleging ineffective assistance of trial counsel is denied.

The Petitioner's contention that her appellate counsel was ineffective is equally meritless. First, appellate counsel was permitted to withdraw after filing an *Anders* brief, explaining that she perceived no appealable issues to exist.  Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), once appellate counsel moves to withdraw due to the lack of an appealable issue, "the [appellate] court – not counsel – proceeds, after a full examination of the proceedings, to decide whether the case is wholly frivolous."  Because the 10th Circuit permitted the Petitioner's

appellate counsel to withdraw, it must necessarily found that there were no arguable issues that could be raised by the Petitioner.  *Id.*  This effectively precludes any argument from the Petitioner that her appellate counsel's performance was objectively unreasonable.[3]

Even assuming that the *Anders* process at the 10th Circuit was somehow defective, this Court nevertheless finds that the Petitioner has not offered any explanation as to how  her appellate counsel's failure to identify the concurrent sentence issue as a grounds for appeal was unreasonable under the circumstances.  Notably, the Petition offers no explanation as to how this Court's prior opinion explaining the myriad reasons why an anticipatory declaration of concurrency was somehow incorrect.  The Petitioner appears to assume that appellate counsel should have raised the issue, regardless of whether it had any colorable merit, but *Strickland* does not require that an attorney raise meritless arguments simply because the client wants the underlying relief.  Absent a convincing showing that the applicable law or established facts made it "objectively unreasonable" for the Petitioner's appellate counsel not to press the issue of concurrency on appeal, the Petitioner has failed to carry her burden of showing that appellate counsel's performance was inadequate.[4]

---

[3]The Petition does not clearly assert that appellate counsel's *Anders* brief was inadequate, nor that the 10th Circuit did not adequately conduct its own review of the proceedings before deeming the appeal frivolous.  Thus, this case does not appear to fall within the rule of *Penson v. Ohio*, 488 U.S. 75, 86 (1988), that relieves the *habeas* petitioner of the need to demonstrate *Strickland*'s prejudice prong if counsel's *Anders* brief was inadequate and the appellate court failed to conduct a complete review of the proceedings for possible error.

[4]Note that this issue goes only to whether it was unreasonable for appellate counsel not to raise the issue – that is, *Strickland*'s first prong.  Whether the Petitioner would have ultimately prevailed on the issue on appeal is *Strickland*'s second prong, and one which may affected by the question of whether the Supreme Court's decision in *Penson* applies.  Because the Petitioner here fails on the first *Strickland* prong, the Court need not reach the prejudice prong.

Accordingly, because the Court can conclude, based on the face of the Petition and the record in this case, that the Petition is completely without permit, there is no need for the Court to require a response from the Government.  The Petition (# 119) is DENIED.

Dated this 30th day of August, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge